# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

| | |
|---|---|
| CONTINENTAL WESTERN INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:20-cv-04223-NKL ) ) |
| AUTO-OWNERS INSURANCE COMPANY, CENTRAL MO HEATING & COOLING, LLC, and KEVIN KLEINSORGE, | ) ) ) ) ) |
| Defendants. | |

**ORDER**

Pending before the Court is Defendant Auto-Owners Insurance Company's motion to dismiss, or in the alternative, motion to stay based on parallel state proceedings. Doc. 14. The Court heard oral argument on April 5, 2021. Doc. 23. Because the same parties and same issues of state law will be addressed in a parallel state proceeding, the Court abstains from exercising jurisdiction and grants the motion to stay pending resolution of the state proceeding.

**I.   Background**

Plaintiff Continental Western Insurance Agency filed this declaratory judgment action on November 6, 2020. Doc. 1. Continental Western seeks a judicial declaration that it has no duty to defend, indemnify, pay, or reimburse Auto-Owners for an alleged workplace injury that Kevin Kleinsorge[1] suffered on May 8, 2008. *Id.* ¶ 1. Continental Western argues it had no policy in effect on that date.

---

[1] Continental Western initially brought suit against Auto-Owners, Kleinsorge, and Central MO Heating & Cooling, Inc. Doc. 1. On February 23, 2021 Continental Western filed a notice of

1

The following facts are alleged in the complaint. Continental Western issued a Worker's Compensation and Employer's Liability Policy to Central MO for the policy period of May 1, 2007 to May 1, 2008. Doc. 1, ¶ 8. The policy was set to renew, but Central MO chose not to renew and purchased a policy from Auto-Owners for the policy period of May 1, 2008 to May 1, 2009. *Id.* ¶¶ 9-11. Central MO executed a "Cancellation Request/Policy Release" as to Continental Western. *Id.* ¶ 20.

After his May 8, 2008 injury, Kleinsorge, the principle owner and officer/director of Central MO, tendered his worker's compensation claim and first report of injury to Auto-Owners. *Id.* ¶ 16. Auto-Owners accepted coverage and has been continuously investigating and adjusting the Central MO worker's compensation claim since 2008. *Id.* ¶ 17.

In April 2019, Auto-Owners demanded that Continental Western defend, indemnify, pay or reimburse Auto-Owners for one-half of all payments made by Auto-Owners or to be made in the future as a result of Kleinsorge's worker's compensation claim. *Id.* ¶¶ 21-22. Continental Western filed suit, seeking a judicial declaration that it has no duty to defend, indemnify, pay or reimburse Auto-Owners or Central MO in connection with Kleinsorge's injury and resulting worker's compensation claim. Continental Western brings four counts for declaratory judgment: (1) nonrenewal of policy coverage, (2) failure of consideration / failure of condition precedent to coverage, (3) policy cancellation bars coverage, and (4) breach of notice/cooperation conditions. In the alternative, Continental Western brings a recession claim. Doc. 1, ¶ 53. Continental Western does not seek to recover damages, and the only relief sought is declaratory relief. *Id.* at p. 13.

---

dismissal as to Kleinsorge and Central MO after they agreed and stipulated to be bound by the judgment in this case. Docs. 27, 27-1, 27-2.

2

Case 2:20-cv-04223-NKL   Document 33   Filed 04/16/21   Page 2 of 10

The following facts are alleged by Auto-Owners in its motion to dismiss or stay. Doc. 14. Kleinsorge's claim is currently pending before the Missouri Department of Labor and Industrial Relations Division of Workers' Compensation (the Division). Doc. 14, pp. 1-2. Continental Western is a party to the state proceeding and filed a motion for summary judgment arguing the Continental Western policy was cancelled prior to the May 8, 2008 alleged injury. Doc. 14-1. In the motion, Continental Western asks the Division to dismiss Auto-Owners' claim to add Continental Western as an insurance carrier. Doc. 14-2, p. 5.

Auto-Owners now seeks to dismiss or stay the federal action, arguing the Court should abstain because parallel litigation is proceeding before the Division.

## II. Discussion

### A. Abstention

Under the Declaratory Judgment Act, a court "may declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201. It is well established that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494-95 (1942)). The Supreme Court held in *Wilton* that the standard under which district courts decide whether to dismiss or stay a federal declaratory judgment action in favor of a parallel state court proceeding is the discretionary standard set forth in *Brillhart*. *Wilton*, 515 U.S. at 282; *see also Royal Indem Co. v. Apex Oil Co.*, 511 F.3d 788, 793 (8th Cir. 2008)("[I]n a declaratory judgment action, a federal court has broad discretion to abstain from exercising jurisdiction."); *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005). Under *Brillhart*, "[t]he key consideration for the district

court is "'to ascertain whether the issues in controversy between the parties to the federal action…can be better settled by the state court' in light of the 'scope and nature of the pending state court proceeding.'" *Evanston Ins. Co. v. Johns*, 530 F.3d 710, 713 (8th Cir. 2008) (quoting *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000)).

### i. Parallel Proceedings

Suits are parallel if "substantially the same parties litigate substantially the same issues in different forums." *Scottsdale Ins. Co.*, 426 F.3d at 997. Here, the parties in the federal and state cases are the same: Continental Western and Auto-Owners. *Travelers v. Indem. Co. v. Plazaview, LLC*, 2016 WL 110598, at *5 (W.D. Mo. Jan. 8, 2016) ("[W]here every party to [the federal] suit is also a party to the state court suit, the parties are substantially the same."). Central MO and Kleinsorge are also parties in the state case, but both have agreed and stipulated to be bound by the judgment in the federal case. Docs. 27-1, 27-2. Accordingly, the parties in both cases are substantially the same.

Whether to abstain turns on whether Continental Western and Auto-Owners are litigating substantially the same issues, governed by state law, in the federal and state cases. *Brillhart*, 316 U.S. at 495; *Scottsdale*, 426 F.3d at 997; *Royal Indem. Co.*, 511 F.3d at 793 (finding that a district court should decline to exercise jurisdiction only in cases where the pending state court proceeding "presents the same issues"). As a preliminary matter, the issues are governed by Missouri contract law. *TNT Speed & Sport Center, Inc. v. American States Ins. Co.*, 114 F.3d 731, 732 (8th Cir. 1997) (finding that the interpretation of insurance policies is governed by state law).

The Court next evaluates "whether the claims of all parties in interest can satisfactorily be adjudicated" in the state proceeding. *Royal Indem. Co.*, 511 F.3d at 793 (quoting *Brillhart*, 316

4

U.S. at 495). If so, the parties are litigating substantially the same issues. *Brillhart*, 316 U.S. at 495; *Royal Indem. Co.*, 511 F.3d at 793. In the federal action, Continental Western brings four claims for declaratory judgment, and a single claim for recission. Doc. 1. As relief, Continental Western asks the Court to "find and declare that Continental [Western] has no duty to defend, indemnify, pay or reimburse Defendants in connection with the May 8, 2008 Kleinsorge injury or resulting worker's compensation claim; or [a]lternatively, … that the 2008-09 Continental Policy is rescinded and void *ab initio*." Doc. 1, p. 13. In the state proceeding, Continental Western argues two points in its motion for summary judgment: (1) Continental Western's insurance policy was properly cancelled, and (2) Auto-Owners failed to provide evidence of an "anchor" or relation back to the Continental Western policy. Doc. 14-2, pp. 2-4 (Continental Western's Motion for Summary Judgment in the State Action). In both the federal and state actions, Continental Western argues its policy affords no coverage for Kleinsorge's claim because the Continental Western policy was cancelled before the date of alleged injury. Doc. 1; Doc. 14-2. Continental Western seeks the same relief in both actions; specifically, a finding that its policy was not in effect on May 8, 2008. Doc. 1; Doc. 14-2.

Continental Western argues the federal and state proceedings are not parallel because the Division does not have authority to try equitable claims. Doc. 24, pp. 8-9. In the absence of this authority, Continental Western contends that its claims for recission and breach of contract[2] will remain outstanding after the Division resolves the state proceeding. *Id.* However, in *Harris v. Pine Cleaners*, the Missouri Supreme Court held that the Division has authority to determine

---

[2] Continental Western asserts that one of its declaratory judgment claims is actually a breach of contract claim styled as a declaratory judgment claim. Doc. 24, pp. 6-7. Count IV in the complaint is a claim for breach of notice/cooperation conditions styled as a claim for declaratory judgment. Doc. 1, p. 10.

5

"whether there was live and subsisting insurance coverage at the time of the accident," and that "[s]uch question is part and parcel of the ultimate determination of liability" and "hence within the [Division's] jurisdiction." 296 S.W.2d 27, 30 (Mo. banc 1956). Determining whether there "was live and subsisting insurance coverage at the time of [Kleinsorge's] accident" will likely resolve Continental Western's claims because all of its claims seek a finding that its insurance policy was not in effect on the date of the alleged injury.[3] While *Harris* dealt with policy cancellation and the case before the Court deals additionally with policy recission, the reasoning is still applicable. Specifically, both cancellation and recission require the Division to determine whether an insurance policy existed at the time of an accident, which is "part and parcel" of the liability determination and within the Division's jurisdiction. *Harris*, 296 S.W.2d at 30. Missouri courts consistently uphold this rationale. *E.g.*, *Louden v. Richmond Life Ins.*, 497 S.W.2d 188, 190 (Mo.App. 1973) (holding that where one of two insurance companies claimed it did not have a policy in effect on the date of an accident, "[w]hether there was living and subsisting insurance coverage by either, or both, of the alleged carriers" was part and parcel of the liability determination before the Division); *Allen v. Raftery*, 174 S.W.2d 345, 351 (Mo.App. 1943) (holding that the Division's "only function. . .with respect to the issue of [] liability was to determine whether [the insurer] had issued a policy to the employer which was in force on the date of the accident"). Accordingly, the coverage issues to be litigated in both the federal and

---

[3] In *Harris*, the Missouri Supreme Court also held that the Division does "not have power to order [an insurance company] to reimburse [a different insurance company] for the payments mistakenly made to [the] employee." 296 S.W.2d at 33. Whether Continental Western owes money to Auto-Owners is predicated on a finding of whether Continental Western's policy was in effect on the date of the alleged injury, which is an issue the Division has authority to resolve. If the Division finds Continental Western's policy was in effect on the date of the alleged injury, then proceedings may be necessary to resolve any dispute between Auto-Owners and Continental Western about money owed. This potential dispute is not enough in itself to warrant exercising jurisdiction at this time.

state cases are substantially the same because there is a strong likelihood "that the state proceeding will fully dispose of the claims presented in the federal court." *Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 535 (8th Cir. 2009).

### ii. Non-Declaratory Judgment Claims

Continental Western next argues that *Wilton*/*Brillhart* abstention does not apply to independent non-declaratory judgment claims. Doc. 24, p. 4. Specifically, Continental Western contends that the breach of contract and recission claims render abstention inappropriate.[4] *Id.* at 5-6. However, the declaratory judgment claims and recession claim seek the same relief; specifically, a finding that Continental Western's policy does not cover Kleinsorge's claim. In similar circumstances, the Eighth Circuit has instructed district courts to use the "essence of the suit" approach. *Royal Indem. Co.*, 511 F.3d at 793; *Horne v. Firemen's Ret. Sys. of St. Louis*, 69 F.3d 233, 236 (8th Cir. 1995) (finding that "the essence of [Horne's] suit [was] one for declaratory judgment" when he sought a declaratory judgment, an injunction to prevent his employers from removing him from his job, emotional distress damages, and attorneys' fees). Under this approach, the Eighth Circuit has found that where an insurer sought a declaration of the parties' rights and responsibilities under an insurance policy, and also brought claims for contribution, subrogation, unjust enrichment, and equitable estoppel, the non-declaratory relief

---

[4] In briefing, Continental Western points to authority from the Fifth and Ninth Circuits. Doc. 24, pp. 5-6. The Court is not bound to follow the cited cases, nor does the Court find the cited cases persuasive for Continental Western's position. In the case before the Fifth Circuit Court of Appeals, *Occidental life Ins. Co. of Cal. v. Nichols*, the appellate court reversed the district court's order granting a motion to dismiss based on parallel state court proceedings "with directions to stay further proceedings until final disposition of the case in the state courts, thereafter to consider what effect that case will have as res adjudicata on the issues herein." 216 F.2d 839, 842 (5th Cir. 1954). In the case before the Ninth Circuit Court of Appeals, *Government Employees Ins. Co. v. Dizol*, "[a]t the time of the [federal] judgment, there was no lawsuit pending in the state courts." 133 F.3d 1220, 1222 (9th Cir. 1998).

"would clearly arise out of the district court's determination of the rights and responsibilities of the various insurers and, therefore, would clearly constitute 'further necessary or proper relief' based on the declaratory judgment." *Royal Indem. Co.*, 511 F.3d at 794. Additional claims that are included in a declaratory judgment action that constitute "further necessary or proper relief" do not warrant a district court exercising jurisdiction. *Id.* (declining to exercise jurisdiction to allow a parallel state adjudication to proceed, despite the plaintiff's inclusion of non-declaratory judgment claims in the federal case).

During oral argument, Continental Western argued that the essence of its suit was not one for declaratory judgment because the recission claim did not constitute "further necessary or proper relief" stemming from the declaratory judgment claims. Doc. 23. Specifically, Continental Western contended that if the Division denied Continental Western's motion for summary judgment and found the policy had not been cancelled, the Division's determination would not resolve the recission question. In making this argument, Continental Western relied on *United Financial Casualty Co. v. Kilimanjaro, LLC*, 2016 WL 4575316 (D. Minn. July 13, 2016). In *Kilimanjaro*, the District Court for the District of Minnesota found that the essence of the plaintiff's lawsuit was not one for declaratory judgment because the plaintiff's recission claim was independent of its request for declaratory judgment. *Id.* at *7. The declaratory relief was based on an allegation the vehicle at issue was not insured under the policy, and the recission claim was based on an allegation the defendant made material misrepresentations on its insurance coverage application. "Thus, even if this Court were to find that [the vehicle] was covered under the Policy at the time of the incident, [the plaintiff] could still prevail on its recission claim by proving that [the defendant] materially misrepresented information on its insurance application." *Id.* The district court reasoned that under those circumstances, the

8

recission claim could not be considered "further necessary and proper relief" under the Declaratory Judgment Act because it constituted an independent claim. *Id.*

Here, all five of Continental Western's claims are predicated on a finding that the policy was not in effect on May 8, 2008. Doc. 1. There is no dispute as to whether an accident such as Kelinsorge's would be covered under the policy, the only dispute is whether the policy even existed. *Id.* All of Continental Western's claims, including the declaratory judgment claims and recission claim, address this dispute. *Id.* (bringing declaratory judgment claims for nonrenewal of policy coverage, failure of consideration/failure of condition precedent to coverage, policy cancellation, breach of notice/cooperation conditions). Even if Continental Western's recission claim alleges some independent facts, the Court is not persuaded that these independent facts, premised on the same question of whether the policy existed at the time of Kleinsorge's accident, warrant a finding that the recission claim is otherwise independent or that the essence of Continental Western's suit is not one for declaratory judgment. Accordingly, the Court finds that Continental Western's reliance on *Kilimanjaro* is unavailing.

In sum, the recission claim constitutes "further necessary or proper relief" based on the declaratory judgment claims because the relief sought, a declaration that the policy did not exist, will "clearly arise out of the [Court's] determination of the rights and responsibilities of" the parties. *Royal Indem. Co.*, 511 F.3d at 794. "'[T]he essence of [Continental Western's] suit [is] one for declaratory judgment' and *Brillhart* governs a district court's decision to abstain from a declaratory judgment action." *Id.* at 795 (quoting *Horne*, 69 F.3d at 236). Abstention is warranted under *Wilton/Brillhart* because the parties and issues in both suits are substantially the same. *Scottsdale*, 426 F.3d at 997; *Royal Indem. Co.*, 511 F.3d at 793. Moreover, the Division is well-positioned to resolve the dispute because the issues arise under state law and are familiar

to that body.  *Brillhart*, 316 U.S. at 495; *TNT Speed & Sport Center*, 114 F.3d at 732.  Permitting this federal action to proceed would be "uneconomical as well as vexatious" in light of the pending state proceeding.  *Capitol Indem. Corp.*, 218 F.3d at 874 (citing *Brillhart*, 316 U.S. at 495).  The Court will abstain.

### B.  Stay

When a district court abstains from exercising jurisdiction over a federal declaratory judgment action, the district court has discretion in deciding whether to stay the action or to dismiss it.  *Wilton*, 515 U.S. at 288; *see also Int'l Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d 1266, 1271 (8th Cir. 1995).  In *Wilton*, the Supreme Court instructed in a footnote that, "a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy."  *Wilton*, 515 U.S. at 288 n.2.  Accordingly, the Court stays the federal case, pending resolution of the proceeding before the Division.  *Id.  See also Royal Indem. Co.*, 511 F.3d at 798 (finding that the district court properly abstained due to parallel state court proceedings but should have stayed, rather than dismiss, the case).

### III.  Conclusion

Because the parties and issues in the federal and state proceedings are substantially the same, the Court abstains.  Auto-Owners' motion to dismiss, or in the alternative, stay, is granted in part and the Court stays the case pending resolution of the state proceeding.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: <u>April 16, 2021</u>  
Jefferson City, Missouri